# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **D.J.**

**No. 19-0567** (Jefferson County 17-JA-6)

**FILED**

**June 24, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother J.A., by counsel William T. Rice, appeals the Circuit Court of Jefferson County's May 12, 2019, order terminating her parental rights to D.J.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Jeffrey K. Matherly, filed a response on behalf of the child in support of the circuit court's order. Respondent Father, E.J.-R., by counsel Kirk H. Bottner, filed a response in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in adjudicating her as an abusing parent.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2017, the DHHR filed a child abuse and neglect petition alleging a three-year history of petitioner asserting false allegations that the child was being sexually abused by her father, E.J.-R. The DHHR alleged that petitioner, in an attempt to substantiate these allegations, "emotionally and physically abus[ed] her daughter by repeatedly taking nude and explicit photos of her daughter's genitals, [and] taking repeated nude photographs of her daughter while forcing the daughter to spread her legs and spread her genitals for such nude photos." The DHHR alleged

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner assigns no error to the termination of her parental rights.

that petitioner was motivated "to fabricate sexual abuse [allegations] by the father to further [her] position in ongoing family court proceedings and ha[d] abused her daughter to this end."

The circuit court heard testimony from twenty-one witnesses over several evidentiary hearings and, in August of 2017, entered an order adjudicating petitioner as an abusing parent. The court found that petitioner harmed the child by "engaging in hours of interrogation, videotaping, audio recording, and photographing [the child's] genitals." The circuit court considered testimony of petitioner's expert witness that petitioner's repeated interrogation of the child was wrong and contaminated the entire process. Further, based on the testimony of forensic nurses, the circuit court found that petitioner's needless repeated physical examinations "caused the child physical pain and injury to the tissue in her genital area" and constituted physical abuse. The circuit court also observed recordings of the child interacting with both parents individually. The court noted that the child appeared relaxed and happy in her father's care and that the father was attentive to her needs. In contrast, the child appeared distressed in the care of petitioner, and petitioner "was not able to set aside her obsessive questioning of the child even when it was apparent the child was in distress." Finally, the court found that petitioner was diagnosed with paranoid personality disorder and post-traumatic stress disorder and that her relentless pursuit of evidence of sexual abuse was reflective of these untreated mental illnesses. Following the entry of this order, petitioner was granted a post-adjudicatory improvement period.

In April of 2019, the circuit court held a final dispositional hearing and heard evidence that petitioner made "substantial efforts to treat her mental illness," but "exhibited recent signs of relapse or regression." Considering that petitioner's "mental illness [was] a major contributor to the conditions of [the] abuse and neglect," the circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that it was in the child's best interests to terminate petitioner's parental rights. Accordingly, the circuit court terminated petitioner's parental rights and ordered supervised post-termination visitation by its May 12, 2019, order. Petitioner now appeals that order.[3]

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[3]The nonabusing father's parental rights remain intact, and the child's permanency plan is to remain in the custody of her father.

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in adjudicating her as an abusing parent.[4] In petitioner's view, she took "steps to stop sexual abuse of D.J. and prevent any future sexual abuse." Petitioner acknowledges that "several of the [sexual abuse] examinations did not find evidence of abuse" and asserts that her actions were reasonable and did not constitute abuse or neglect of the child.

However, petitioner's argument ignores the circuit court's findings that her investigation was excessive and relentless, even in the face of overwhelming evidence that the child had not been sexually abused. Moreover, petitioner's investigations caused the child unnecessary pain and discomfort. West Virginia Code § 49-1-201 defines an "abusing parent" as a "parent . . . whose conduct has been adjudicated by the court to constitute child abuse or neglect as alleged in the petition charging child abuse or neglect." Additionally, an "abused child" is one "whose welfare is harmed or threatened by . . . [a] parent . . . who knowingly or intentionally inflicts, attempts to inflict, or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home." Based on the findings of the circuit court, petitioner's actions were not the careful or protective acts of a concerned parent. Rather, petitioner's actions of conducting persistent and unnecessary physical evaluations and interrogations constituted physical and emotional abuse of the child. Accordingly, we find no error in the circuit court adjudicating petitioner as an abusing parent.[5]

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 12, 2019, order is hereby affirmed.

Affirmed.

---

[4]Petitioner alleges the circuit court erred in finding her "guilty" of child abuse and neglect. However, child abuse and neglect proceedings are civil proceedings, not criminal, and parents are not determined to be "guilty" or "not guilty" of child abuse or neglect. Rather, a circuit court determines if a parent's conduct constitutes abuse and neglect and, if so, adjudicates that parent as an abusing parent. *See generally* W. Va. Code § 49-1-201.

[5]In affirming petitioner's adjudication, the Court emphasizes that this decision is not intended to have a chilling effect on parents and any other parties investigating credible allegations of sexual abuse of a child by a parent or other individual. We stress that accepting children's disclosures of such abuse, taking these disclosures seriously, and contacting the appropriate authorities to investigate is of the utmost importance for purposes of protecting children. We reiterate that petitioner's conduct in this matter, however, was abusive in and of itself due to hours of "repeated interrogation, examination, videotaping and photographing of the child" while investigating petitioner's belief that the child had been sexually abused in the absence of any evidence to support this belief. As such, petitioner's repeated investigations over several years constituted traumatic and abusive treatment of the child.

3

**ISSUED**:  June 24, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**CONCURRING, IN PART, AND DISSENTING, IN PART:**

Justice Margaret L. Workman would affirm the circuit court's adjudication of petitioner, but would include the matter on a Rule 19 argument docket to address the termination of petitioner's parental rights.